UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-3053 JGB (SPx)** | Date | January 21, 2026 |
|---|---|---|---|
| Title | ***Agustin Santana III v. Amazon.com Services LLC, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 11); and
(2) VACATING the January 26, 2026, Hearing (IN CHAMBERS)**

Before the Court is Plaintiff's Motion to Remand.  ("Motion," Dkt. No. 11.)  The Court determines this matter is appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of and in opposition to the Motion, the Court **DENIES** Plaintiff's Motion.  The January 26, 2026, hearing is **VACATED**.

## I.  BACKGROUND

On October 7, 2025, Plaintiff Agustin Santana III ("Santana" or "Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino against Defendants Amazon.com Services LLC ("Amazon" or "Defendant") and Does 1-50. ("Complaint," Dkt. No. 1-1.)  The Complaint alleges three causes of action: (1) discrimination based on sexual orientation in violation of California Government Code § 12940(a); (2) retaliation in violation of California Government Code § 12940(h); and (3) wrongful termination in violation of public policy.  (See Complaint.)  On November 14, 2025, Defendant Amazon removed the case to this Court based on diversity jurisdiction.  ("Notice of Removal," Dkt. No. 1.)

On December 17, 2025, Plaintiff filed this Motion.  (See Motion.)  Defendant filed its Opposition on December 30, 2025.  ("Opposition," Dkt. No. 13.)  Plaintiff replied on January 8, 2026.  ("Reply," Dkt. No. 14.)
//
//
//

---

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk MG

## II.   FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this motion.  See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

Plaintiff was employed by Defendant between October 17, 2022, and February 1, 2024, at Defendant's facility in Bloomington, CA.  (Compl. ¶ 5.)  On January 19, 2024, Plaintiff's boyfriend, who was also Defendant's employee, greeted him at work with a "brief, consensual kiss on the cheek."  (Id. ¶ 7.)  The same day, Human Resources representative Daisy Ramirez questioned Plaintiff, claiming that he may have been a victim of sexual harassment.  (Id. ¶ 8.)  Plaintiff informed Ramirez that the kiss was consensual and not harassment, and he declined to file a complaint.  (Id.)  Plaintiff also informed Ramirez that "her assumption and questioning were discriminatory based on his sexual orientation, noting that heterosexual employees had displayed similar or more overt affection without being accused of misconduct."  (Id. ¶ 9.)

On January 28, 2024, Plaintiff participated in a virtual meeting with a Senior General Manager and Senior HR Business Partner, during which time Plaintiff complained that Defendant was applying its sexual harassment policy in a discriminatory manner based on his sexual orientation.  (Id. ¶ 10.)

On February 1, 2024, Defendant terminated Plaintiff's employment.  (Id. ¶ 11.)

## III.   LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court."  Matheson, 319 F.3d at 1090.

## IV.  DISCUSSION

Plaintiff contends that his case should be remanded to state court because Defendant overstates the amount in controversy, thereby divesting this Court of jurisdiction over his state law claim.  (Mot. at 2.)  Specifically, Plaintiff attaches an affidavit outlining his efforts to mitigate his lost wages upon his termination by Defendant, and committing to limit the sum he will pursue in the case below the jurisdictional threshold.  (See Declaration of Augustin Santana III ("Santana Decl."), Dkt. No. 11-1.)  Plaintiff calculates his total past economic loss as $5,500 and stipulates that he will not seek or accept an award in excess of $75,000.  (Id.)  This calculation and stipulation are not in his initial Complaint.  (See Compl.)

As Plaintiff himself acknowledges in his Motion, "the amount in controversy is determined from the allegations or prayer of the complaint."  (Mot. at 5.)  The Supreme Court has been clear for nearly ninety years that "unless the law gives a different rule, the sum claimed by the plaintiff controls."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  Further, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Id. at 289.  Plaintiff's Complaint provides no measure of damages, he simply requests "general and special damages, including back pay, front pay, and loss of benefits, according to proof; . . . damages for emotional distress and all compensatory damages permitted by law; . . . punitive and exemplary damages as permitted by law; . . . civil penalties and statutory damages where authorized; . . . [and] reasonable attorneys' fees and costs under Government Code section 12965(b)."  (Compl. at 5-6.)

Plaintiff does not, in his Complaint, allege that he will limit his request for damages below $75,000, nor that he seeks only damages reflecting his mitigation by obtaining other employment.  Any limits on damages based on mitigation are therefore an affirmative defense.  But the amount in controversy reflects the "amount at stake in the underlying litigation" and does not reflect the impact of affirmative defenses such as the duty to mitigate.  Greene v. Harley-Davidson, 965 F.3d 767, 774 (9th Cir. 2020) ("The district court erred in considering the merits of Harley-Davidson's affirmative defense to determine the amount in controversy."); see also Geographic Expeditions, Inc. v. Est. of Lhotka ex. rel. Lhotka, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."); Jackson v. Compass Grp. USA, Inc., 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) ("[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.") (internal citations and quotations omitted).  "[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction."  Id.

Defendant calculates Plaintiff's potential lost wages in controversy as $60,420, representing a calculation of California's minimum wage multiplied by 40 hours per week over the course of the roughly 93 weeks between Plaintiff's termination and removal.  (Opp'n at 10.)

---

**CIVIL MINUTES—GENERAL**

There is nothing in the *Complaint* to undermine these calculations; Plaintiff's subsequent functional admission to Defendant's affirmative defense of mitigation is not sufficient.

Taking Defendant's estimate of lost wages in controversy as reasonable, that leaves roughly $15,000 to satisfy the amount in controversy. The estimates that Defendant provides for emotional distress damages, punitive damages, and attorneys' fees, while theoretically possible, appear to be gross overestimates in this case. (See Opp'n at 12-14.) But it is not unreasonable to consider attorneys' fees and non-economic damages at stake in the case to be, together, at least in excess of $15,000. Even substantially paring back Defendant's cited possibilities—ranging from $4 million to $50,000 for non-economic damages and $1.16 million to $246,060 for attorneys' fees—more than $15,000 is at stake. (Id.) This is bolstered by the fact that Plaintiff's offer to limit recovery below $75,000 when he estimates economic damages are $5,500 leaves nearly $60,000 in potential award contemplated for the remaining bases for recovery. (See Santana Decl. ¶¶ 11-12.) Adding that nearly $60,000 to the estimated lost wages Defendant calculates plainly and substantially pushes the potential recovery over $75,000.

Plaintiff's post-removal stipulation to limit his damages request also does not divest this Court of jurisdiction. The Ninth Circuit is clear that "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). Plaintiff's stipulation that he will limit his damages below $75,000, which was not in his original Complaint at the time it was removed, is essentially an attempt at amending the Complaint to reflect a limitation on recovery that it did not contain at the critical juncture of removal.

Because Defendant has provided evidence supporting a reasonable conclusion that more than $75,000 is in controversy, the Court **DENIES** Plaintiff's Motion.

## V.    CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' Motion. The January 26, 2026, hearing is **VACATED**. The requests for remote appearances (Dkt. Nos. 15 & 16.) are denied as moot.

**IT IS SO ORDERED.**